UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARY HICKSON, *pro se*, :
                      Plaintiff, :
: **MEMORANDUM AND ORDER**
        -against- : CV-09-2049(DLI) (JMA)
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :
:
                    Defendant. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] plaintiff Mary Hickson appealed a decision of the Commissioner of Social Security (the "Commissioner") which found that she is not disabled under the Social Security Act (the "Act") and therefore not entitled to Supplemental Security Income ("SSI"). On October 9, 2009, pursuant to Fed. R. Civ. P. 12(c), the Commissioner moved for judgment on the pleadings, seeking affirmation of that determination. For the reasons set forth below, the Commissioner's motion is granted.

**BACKGROUND**

Plaintiff was born on March 14, 1966 in Brooklyn, New York and has a high school education. (Administrative Record ("A.R.") 19, 81.) Her past jobs include hairdresser, custodian, cashier, receptionist/office aide, and security guard. (*Id*. at 78, 94.) Plaintiff stopped working on May 24, 2006, as a result of lower back pain and muscle spasm. (*Id.* at 77.)

Plaintiff filed an application for SSI benefits on June 11, 2007, alleging a continuous disability due to lower back pain, muscle spasm, sciatica, arthritis, pain in both shoulders, and

---

[1] In light of plaintiff's *pro se* status, this court must construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

1

tingling in her arms, legs, and feet dating back to June 1, 1989. (*Id.* at 59, 77, 91-92, 110.)

Plaintiff testified at a hearing held before an Administrative Law Judge ("ALJ") on October 27, 2008. (A.R. at 9.) By a decision dated December 2, 2008, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. (*Id.*) On April 2, 2009, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. On May 11, 2009, plaintiff filed the instant action seeking judicial review of the denial of benefits. On October 9, 2009, the Commissioner moved for judgment on the pleadings. In opposition to defendant's motion, plaintiff submitted a cover letter, along with certain medical documents not contained in the Administrative Record. (Docket Entry No. 12.) The defendant replied on December 31, 2009.

## **DISCUSSION**

**1) New Evidence Standard**

To obtain a remand based on evidence presented to the court that was not before the Commissioner, plaintiff must meet the requirements of the "new evidence" rule by showing: (1) that the evidence is "new and not merely cumulative of what is already on the record;" (2) that the evidence is "material," meaning that it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative;" and (3) "good cause for failure to present the evidence earlier." *Jones v. Sullivan*, 949 F.2d. 57, 60 (2d Cir. 1991). The plaintiff has failed to make such a showing.

As an initial matter, the documents submitted by plaintiff in opposition cannot be construed as medical evidence. The three-page "Appointment/Instruction Sheet Summary" plaintiff received from her physician on September 29 and November 10, 2009 merely lists appointments for blood work and an X-Ray. (Docket Entry No. 12.) Moreover, this "evidence" is

not material because it does not illustrate the depth of her condition, enhance what is already on the record, nor relate to the relevant time period, which is June 11, 2007 (the date of the SSI claim) through December 2, 2008 (the date of the ALJ's decision).[2] Finally, even if the "evidence" were material, plaintiff makes no showing of good cause for failing to present the "evidence" earlier. Therefore, plaintiff does not satisfy the new evidence rule.

**2)       Substantial Evidence Determination**

A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted). The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

ALJs must adhere to a five-step inquiry to determine whether a claimant is disabled under the Social Security Act as set forth in 20 C.F.R. § 404.1520. If at any step, the ALJ finds that the claimant is either disabled or not disabled, the inquiry ends there. First, the claimant is not disabled if he or she is working and performing "substantial gainful activity." 20 C.F.R. §

---

[2] Furthermore, regarding plaintiff's statement in her letter in opposition that she will be able to obtain more information at her medical appointment in February, 2010, any such evidence would post-date the ALJ decision and the relevant time period by over one year. Regardless, even if the February 2010 appointment yielded relevant evidence, as of this date, plaintiff has

404.1520(b). Second, the ALJ considers whether the claimant has a "severe impairment," without reference to age, education or work experience. Impairments are "severe" when they significantly limit a claimant's physical or mental "ability to conduct basic work activities." 20 C.F.R. § 404.1520(c). Third, the ALJ will find the claimant disabled if his or her impairment meets or equals an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(d).

If the claimant does not have a listed impairment, the ALJ makes a finding about the claimant's "residual functional capacity" in steps four and five. 20 C.F.R. § 404.1520(e). In the fourth step, the claimant is not disabled if he or she is able to perform "past relevant work." 20 C.F.R. § 404.1520(e). Finally, in the fifth step, the ALJ determines whether the claimant could adjust to other work existing in the national economy, considering factors such as age, education, and work experience. If so, the claimant is not disabled. 20 C.F.R. § 404.1520(f). At this fifth step, the burden shifts to the Commissioner to demonstrate that the claimant could perform other work. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing *Carroll*, 705 F.2d at 642).

The ALJ followed the five-step procedure in making a determination that plaintiff is not disabled. (A.R. at 9-14.) He determined that plaintiff had not engaged in substantial gainful activity since June 6, 2007, and that plaintiff's lower back pain and arthritis constituted "severe impairments." (*Id.* at 11.) At step three, the ALJ determined that plaintiff's impairments did not meet one of the listed impairments in the regulations. (*Id.*) At step four, the ALJ found that plaintiff had the RFC to perform the physical exertion requirements of work at a sedentary level, as defined in C.F.R. § 416.967(a), but limitations from her "severe impairments" prevented her from performing her past relevant work as a hairdresser and custodian. (*Id.* at 11-13.) The ALJ

---

failed to submit any such evidence for the court's consideration.

next concluded at step five that, based on the plaintiff's age, education, work experience, and RFC, plaintiff can perform jobs that exist in the national economy. (*Id.* at 13.) As discussed in more detail below, the ALJ's determination is supported by substantial evidence.

### A. The ALJ Properly Concluded that Plaintiff Had a Residual Functional Capacity for Sedentary Work.

The ALJ's determination that plaintiff had an RFC to perform sedentary work[3] is supported by the medical evidence of record.

Included in the medical evidence were records from a May 28, 2006 visit to the emergency room at Brookdale University Hospital and Medical Center ("Brookdale"). This examination revealed that plaintiff had a full range of motion in the extremities and normal deep tendon reflexes. (*Id.* at 132.) The impression was chronic back pain and plaintiff was advised to avoid lifting anything over ten pounds and not to sit for a long time. These instructions are consistent with the ALJ's RFC finding for sedentary work, which includes a maximum lifting ability of ten pounds. Although sitting is involved in sedentary work, a certain amount of walking and standing is often necessary in carrying out job duties. Moreover, plaintiff does not claim difficulty with prolonged sitting.

Plaintiff was given an orthopedic examination by Dr. Mohammed Asif Iqbal, a consultative examiner, on August 21, 2007. Dr. Iqbal's diagnosis was included in the medical evidence before the ALJ. (*Id.* at 140.) Dr. Iqbal indicated that plaintiff did not appear in acute distress upon examination, and that she needed no help changing for the exam or getting on the exam table. The cervical spine was found to have full flexion and extension, with no spasm, and

---

[3] Sedentary work is defined as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Id.*

mild tenderness. Plaintiff's upper extremities had a full range of motion, and no joint inflammation, effusion, instability, muscle atrophy or sensory abnormalities. There was no muscle atrophy or sensory abnormality in plaintiff's lower extremities. Plaintiff's thoracic and lumbar spine examination revealed no scoliosis or kyphosis, no joint or sciatic notch tenderness, and no spasms. Dr. Iqbal also found a flexion of forty to fifty degrees, with central back pain, and that plaintiff's lateral flexion and rotary movements were ten degrees bilaterally. (*Id.* at 139-141.) Dr. Iqbal opined that plaintiff had *no limitation with sitting or standing*, but that she may have moderate to severe limitation with *prolonged* walking. (*Id.* at 141.) It was recommended that plaintiff avoid *long* standing and walking, frequent bending, and heavy lifting. (*Id.*) Thus, Dr Iqbal's opinions and recommendations are consistent with the ALJ's RFC finding because sedentary work entails sitting for up to six hours per day and requires only intermittent walking and/or standing. *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

Plaintiff revisited Brookdale emergency room on November 14, 2007, and was examined by Dr. Babatunde Adeyemi. (*Id.* at 154-156.) She was diagnosed as having sciatica. No specific restrictions were placed on her activities. She was advised to rest, apply warm packs and talk with her doctor about exercises to improve her back. (*Id.* at 154-156.) Finally, plaintiff's treating doctor, Dr. Khalid Chaugtal, wrote on November 3, 2008, that plaintiff had a history of arthralgiass (joint pain), muscle spasm, and hypercholesterolemia (high cholesterol). (*Id.* at 157.) Dr. Chaugtal did not indicate any significant or disabling limitations stemming from these conditions. Therefore, both the treating and consulting opinions support the ALJ's decision.

Furthermore, plaintiff's statements regarding her daily activities are consistent with the ALJ's determination. In disability reports accompanying plaintiff's application for benefits, she describes her daily activities. Plaintiff is able to care for her personal needs and her own hygiene.

6

(A.R. at 84-85.) She indicated that she cleans, does laundry, irons, and prepares meals with help from her son. (*Id.* at 85-86; 104-105.) Plaintiff also shops for clothing, personal items, and food twice a week. (*Id.* at 87.) Plaintiff reported the use of a cane because it is difficult to walk and painful to stand, and that she can only walk one-half block before stopping to rest for thirty to forty five minutes. (*Id.* at 89, 107-108.) However, the medical record indicates that she arrived to her orthopedic examination without the use of an assistive device, had no difficulty getting on the examination table, and was able to rise from her chair with mild difficulty. (*Id.* at 140.) This level of activity is consistent with the ALJ's conclusion that plaintiff was capable of sedentary work.

Lastly, the ALJ properly limited the weight of plaintiff's subjective complaints. Plaintiff alleges that her lower back pain and lower extremity pain prevent her from engaging in any substantial gainful activity. She describes her symptoms as muscle spasms, pain in both shoulders, numbness, weakness, tingling in her arms, legs and feet, loss of appetite, trouble sleeping, and dizziness. (*Id.* at 77.) Regarding plaintiff's alleged back pain, as the ALJ found: (1) there is no evidence of herniation, nerve root disorder, or compression fracture, and no muscle wasting or atrophy was found; (2) plaintiff has not undergone a CT Scan or MRI; (3) she does not wear a back brace or receive any physical therapy or chiropractic treatment; and (4) surgery has not been recommended. (*Id.* at 12) The medical record does indicate a history of arthralgias, muscle spasm, and hypercholesterolemia, but does not indicate any significant or disabling limitations resulting from these conditions. (*Id.* at 157.) Without any objective medical evidence to support the severity of the symptoms alleged, the ALJ properly evaluated plaintiff's allegations.

### B. The ALJ Improperly Determined that Plaintiff Could not Perform Her Past Relevant Work.

The ALJ found that plaintiff did not retain the RFC to perform her past work as a

hairdresser or custodian. (*Id.* at 13.) Both of these positions require long periods of standing, which her back condition precludes, and, therefore, exceed the physical exertion requirements of sedentary work. However, the ALJ did not consider plaintiff's additional past relevant work as a receptionist and office aide which have physical exertion requirements that appear to fall within the definition of that work category. (*Id.* at 94.) The plaintiff reports these positions as requiring up to six hours of sitting, two hours of standing/walking (likely accumulated throughout the course of the day), and lifting less than ten pounds. (*Id.* at 115-116.) The medical evidence and plaintiff's own description regarding her daily activities, discussed *supra*, support the conclusion that she retains the RFC to perform her past relevant work as a receptionist or office aid. The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. *See* 20 C.F.R. 416.960(b). In addition, the work must have lasted long enough for the claimant to learn to do the job and have been substantial gainful activity. (*Id.*)

The plaintiff worked as an office aide for over one year (August 2000 through October 2001), which was sufficient time for her to learn to do the job properly and gain relevant work skills. She also worked as a receptionist for seven months (November 2005 through May 2006). The job of a receptionist is likely similar to that of an office aide and, therefore, the plaintiff was already familiar with how to perform the job properly. Both the office aide and receptionist positions were held by plaintiff within the relevant time period and were substantial gainful activity. Thus, the ALJ's determination that plaintiff was unable to perform any past relevant work is incorrect. However, this oversight by the ALJ is immaterial because it only affirms that which the ALJ properly concluded in step five of the evaluation process: that the plaintiff is not

disabled.

### C. The ALJ Properly Concluded that Plaintiff is Able to do Other Work, Considering her RFC, Age, Education, and Work Experience.

The ALJ determined that there exists other work in the national economy that plaintiff could perform. In reaching his determination, the ALJ considered the plaintiff's RFC, age, education, and work experience in conjunction with the Medical Vocational Guidelines listed in 20 C.F.R. Part 404, Subpart P, Appendix 2. *See* 20 C.F.R §§ 416.969, 416.969(a). The medical evidence supports an RFC for the full range of sedentary work. In addition, plaintiff has a high school education, is able to communicate in English, is a "younger individual," and has relevant work experience. When these factors are considered in conjunction with the medical-vocational rules, a finding of "not disabled" is directed. 20. C.F.R § 404 App.2 §201.28. Therefore, the ALJ properly concluded that plaintiff can perform work that exists in the national economy.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted and this action is dismissed.

SO ORDERED
DATED:    Brooklyn, New York
          March 22, 2011

                                            /s/
                                    DORA L. IRIZARRY
                                 United States District Judge